UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| RALPH SMITH | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-568 |
| | ) | 3:04-cr-130 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Ralph Smith ("Smith"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Smith's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Smith "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Smith is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Smith pleaded guilty to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to conduct and attempt to conduct money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). Based upon a prior felony drug conviction, Smith was subject to a statutory mandatory minimum sentence of 20 years on the conspiracy conviction. 21 U.S.C. § 841(b)(1)(A). In addition, his guideline sentence range was calculated to be 262 to 327 months based upon a total offense level of 37 and a criminal history category of VI. [Criminal Action No. 3:04-cr-130, Presentence Report, p. 18. ¶ 74].

As a result of Smith's substantial assistance, the government filed a motion for downward departure, which was granted. He was then sentenced to concurrent terms of

imprisonment of 168 months on each conviction. Smith did not appeal his conviction or sentence. In support of his § 2255 motion to vacate sentence, Smith alleges the following: (1) ineffective assistance of counsel; (2) unconstitutional sentence enhancement based upon drug quantity; and (3) unconstitutional enhancement to career offender status.

III.    Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Smith must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*.

at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Smith bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Smith first alleges that his attorney failed to file a notice of appeal, despite instructions to do so. The Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Smith was represented by appointed counsel James Y. Reed. In support of its response to the § 2255 motion, the government has submitted the affidavit of Mr. Reed.

4

[Court File No. 4, Response, Attachment No. 1, Affidavit of James Y. Reed]. Mr. Reed testifies that he and Smith determined that Smith's best defense was to plead guilty and cooperate in order to receive a downward departure, which he did: Smith received a sentence of 168 months; co-defendant George McClure received an effective sentence of 180 months while co-defendant Adrian Brown was sentenced to life imprisonment. [*Id*. ¶ 3].

Mr. Reed further testifies that he discussed with Smith his right to appeal and explained that the government had not filed for additional enhanced penalties for a conviction Smith received in the military for sale of hashish which, in Mr. Reed's opinion, could result in Smith being eligible for a life sentence on a subsequent prosecution if his appeal was successful. [*Id*. ¶ 4]. Smith agreed that it would not be in his best interest to file an appeal [*id*. ¶ 5] and, after the sentencing hearing, instructed Mr. Reed to not file an appeal [*id*. ¶ 6]. Finally, Mr. Reed testifies that he never received a telephone call nor a letter from Smith requesting an appeal be filed. [*Id*. ¶ 7].

The court finds Mr. Reed's testimony to be the more credible on the issue of whether Smith instructed him to file an appeal. In his § 2255 motion, Smith merely states that he instructed his attorney to file an appeal, but does not state where, when or how he communicated that instruction nor does he state what the basis of an appeal would have been. Smith received a total effective sentence of 168 months, an optimum outcome for a defendant facing a statutory minimum mandatory sentence of 20 years and a guideline range of 262 to 327 months (or, in the event of a retrial after appeal, a mandatory life sentence based upon two prior felony drug offenses). Under these circumstances, Smith's allegation that his

5

attorney failed to file an appeal does not state a claim of ineffective assistance of counsel under the *Strickland* standard. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

Smith next alleges that his attorney rendered ineffective assistance of counsel during plea negotiations by allowing him to waive his appellate rights as well as the right to collaterally attack his conviction. Smith specifically refers to the fact that, in his plea agreement, he waived his right to file a § 2255 motion, except in the case of ineffective assistance of counsel, prosecutorial misconduct, or a change in the law that renders Smith innocent of the crimes charged. [Criminal Action No. 3:04-cr-130, Court File No. 36, Plea Agreement, pp. 9-10, ¶ 15]. With respect to his appellate rights, Smith is apparently referring to the fact that he agreed "to waive any constitutional challenge to the validity of the Sentencing Guidelines." [*Id*. at 5, ¶ 9].

As noted earlier, as a result of his plea agreement Smith received a very lenient sentence under the circumstances. Smith seems to claim that his attorney should have negotiated a plea agreement wherein he received the benefit of pleading guilty and receiving a downward departure, while not giving up the rights he waived. As the government makes clear in its response to the § 2255 motion, however, the government would not have agreed to such a plea agreement. Smith had the choice of taking the plea agreement that was offered or going to trial. Smith's attorney did not render ineffective assistance of counsel by failing to negotiate a plea agreement that was not available.

Smith also alleges that his attorney made many representations that were not true, but does not state what those allegedly untrue statements were. A § 2255 movant has the burden

6

of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Based upon the foregoing, Smith has failed to demonstrate he received ineffective assistance of counsel under the standard set forth in *Strickland*. Accordingly, he is not entitled to relief on his claims of ineffective assistance of counsel.

### B. Unconstitutional Sentence Enhancement

Smith alleges that his Fifth Amendment right to due process and his Sixth Amendment right to trial by jury were violated when the court increased his sentence based upon a finding by a preponderance of evidence of the quantity of drugs for which he would be held responsible. According to Smith, the drug quantity should have been proven to a jury beyond a reasonable doubt.

Smith, however, specifically agreed as follows: "The parties agree that for purposes of sentencing, the amount of cocaine hydrochloride for which defendant is accountable, for sentencing guideline purposes, is greater than 15 (fifteen) and less than 50 (fifty) kilograms." [Criminal Action No. 3:04-cr-130, Court File No. 37, Stipulation of Facts, p. 2, ¶ 3]. In addition, Smith further agreed to the following in his plea agreement:

> The defendant expressly waives any right he may have under the Sixth Amendment to have any and all facts relevant to sentencing under the United States Sentencing Guidelines alleged in an indictment and determined by a jury beyond a reasonable doubt. The defendant agrees that the district court will impose sentence pursuant to the guidelines after determining all relevant facts by a preponderance of the evidence.

[Criminal Action No. 3:04-cr-130, Court File No. 36, Plea Agreement, p. 5, ¶ 9].

Smith waived the right to have a jury determine the drug quantity under a reasonable doubt standard. He therefore cannot now complain that his rights were violated when the court determined the drug quantity for which he would be held responsible. *See, e.g., United States v. Calloway*, 89 Fed.Appx. 982, 984-85 (6th Cir. 2004) (defendant who stipulated to quantity of drugs in guilty plea waived the right to have a jury determine guilt beyond a reasonable doubt on that element of the offense).

## C. Career Offender Status

Smith alleges that the court erred in enhancing his sentence based upon a 15-year-old military conviction that was not properly established on the record. Smith was found to be a career offender, pursuant to U.S.S.G. 4B1.1, as a result of his 1991 conviction for possession and distribution of hashish while he was in the army, and for which he received a general court-martial, and his 1995 conviction for sale of cocaine in the Criminal Court of McMinn County, Tennessee.

Smith first claims that the mere statement by a probation officer, in his presentence report, that Smith had a military conviction was not sufficient proof of the conviction. Smith did not object to the presentence report, however, and a defendant who fails to object at the time of sentencing to alleged inaccuracies in the presentence report waives the right to challenge the presentence report in a collateral proceeding:

> If the system [of sentencing a criminal defendant] is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver.

*United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (citations omitted). *See also United States v. Jarman*, 144 F.3d 912, 915 (6th Cir. 1998) ("This circuit has explicitly held that failure to object to an enhancement operates as a waiver."); *U.S. v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding.").

9

Smith also alleges that his military conviction should not have been considered a predicate offense for career offender purposes and relies on *United States v. Stuckey*, 220 F.3d 976 (8th Cir. 2000). In *Stuckey*, the Eighth Circuit held that a military drug conviction was not a "serious drug offense" for purposes of the armed career criminal provisions of 18 U.S.C. § 924(e). *Id*. at 984. The basis for that holding was the *Stuckey* court's observation that § 924(e)(2)(A)'s definition of "serious drug offense" referred "to three specific federal acts - the Controlled Substance Act, the Controlled Substances Import and Export Act, and the Maritime Drug Law Enforcement Act - but *not* the Uniform Code of Military Justice." *Stuckey*, 220 F.3d at 984.

The armed career criminal act at issue in *Stuckey* is a statutory offense. Smith was sentenced as a career offender under the sentencing guidelines. For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). Section 4B1.1 simply refers to a controlled substance offense without limiting the acts under which the offense occurred. Accordingly, Smith's military conviction was properly considered and Smith was properly sentenced as a career offender.

IV. <u>Conclusion</u>

Smith is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Smith leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Smith having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                  s/ Leon Jordan
                 United States District Judge